IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-382-BO
No. 5:12-CV-419-BO

| | | |
|---|---|---|
| TRAVIS LEMONT BARKSDALE | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 97]. In his motion, petitioner, Mr. Barksdale, contends, *inter alia*, that he is no longer a career offender in light of *United States v. Simmons*, 649 F.3d. 237 (4th Cir. 2011) (en banc) and that he received the ineffective assistance of counsel. The government opposes Mr. Barksdale's motion to vacate [DE 111].

## BACKGROUND

Mr. Barksdale was sentenced by this Court on March 18, 2010, to 330 months' imprisonment following his plea of guilty to a charge of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base and more than 5 kilograms of cocaine in violation of 21 U.S.C. § 846. Mr. Barksdale noticed a direct appeal and the Fourth Circuit allowed his motion to withdraw his appeal by order entered March 9, 2011. Mr. Barksdale filed the instant § 2255 motion with the Court on July 10, 2012.

## DISCUSSION

Though Mr. Barksdale's petition appears to be untimely, the government has not raised the statute of limitations as a defense in this matter and the Court will go on to consider the

government's arguments, namely that the relief Mr. Barksdale seeks under *Simmons* is not cognizable on a § 2255 motion and that he did not receive the ineffective assistance of counsel. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district courts are permitted but not required to consider the timeliness of a habeas petition *sua sponte*).

I. *Simmons* claim

Sitting en banc, the Fourth Circuit in *Simmons* interpreted *Carachuri-Rosendo v. Holder*, ___ U.S. ___, 130 S.Ct. 2577 (2010), to compel the result that individuals sentenced pursuant to North Carolina's Structured Sentencing Act could not be classified as "felons" unless the individual defendant had been exposed to a sentence of imprisonment in excess of one year. 649 F.3d at 249. Mr. Barksdale contends that, in light of *Simmons*, he should no longer be classified as a career offender pursuant to U.S. Sentencing Guideline 4B1.1.

Generally, errors in the application of the Sentencing Guidelines cannot be raised in a subsequent § 2255 motion barring extraordinary circumstances, *United States v. Pregent*, 190 F.3d 279, 284 (4th Cir. 1999), and, because career offenders cannot receive sentences in excess of their statutory maximum, those petitioners cannot rely on *Carachuri-Rosendo* to obtain relief under 28 U.S.C. § 2255. *United States v. Powell*, 691 F.3d, 554, 563 n.2 (King, J., dissenting in part and concurring in the judgment in part) (majority holding that the rule announced in *Carachuri-Rosendo* is not retroactively applicable on collateral review). Accordingly, Mr. Barksdale's *Simmons* claim as to his career offender status fails.

Furthermore, Mr. Barksdale's guidelines range would not change even if Mr. Barksdale were no longer designated as a career offender as his drug quantity exceeded the offense level required by his career offender designation. *See* U.S.S.G. 2D1.1. Mr. Barksdale would not,

2

therefore, be entitled to relief under *Simmons* even if it were applicable.

II. Ineffective assistance claims

Mr. Barksdale contends this his counsel provided ineffective assistance by failing to challenge the Court's inclusion of prior un-counseled convictions in his presentence report, in failing to move to strike the ambiguous drug types in count one prior to entry of his guilty plea, and in failing to compel the government to prove his identity in each prior conviction judgment. In order to demonstrate that the assistance of his counsel was ineffective, a petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697. The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689-90).

Mr. Barksdale has failed to show that, even if counsel's representation fell below an objective standard of reasonableness, the outcome of his proceedings would have been different but for counsel's performance. As discussed above, any challenges to Mr. Barksdale's status as a career offender would not have changed the outcome as Mr. Barksdale's drug quantity exceeded the offense level required by his career offender designation. Further, Mr. Barksdale's Rule 11 proceeding defeats his claim that his counsel was ineffective in failing to raise any issue before

3

his entry of a guilty plea. Mr. Barksdale affirmed at his plea hearing that he understood the charges and punishments that he faced, that his lawyer had explained the plea agreement to him and that he had no questions about it, and that he entered into his plea agreement freely and voluntarily. "[A]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Attorney Gen.*, 956 F.2d 1290, 1299 (4th Cir. 1992). Mr. Barksdale has proffered no clear and convincing evidence that would undermine his representations during his plea hearing. Accordingly, the Court finds that because no prejudice resulted from counsel allegedly deficient performance, each of Mr. Barksdale's claims for ineffective assistance of counsel fail.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

4

Case 5:08-cr-00382-BO Document 117 Filed 10/18/12 Page 4 of 5

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the reasons discussed above, petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 is DENIED and this action is DISMISSED. The Court declines to issue a certificate of appealability.

SO ORDERED, this __16__ day of October, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5